

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CUONG LE QUOC NGUYEN, | No.    15-73189 |
| Petitioner, | Agency No. A095-389-753 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2018**
Portland, Oregon

Before:  N.R. SMITH, CHRISTEN, and HURWITZ, Circuit Judges.

Cuong Le Quoc Nguyen, a native and citizen of Vietnam, petitions for

review of an order of the Board of Immigration Appeals ("BIA") denying his

timely motion to reopen.  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review the denial of a motion to reopen for abuse of discretion. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The BIA did not abuse its discretion in determining that Nguyen failed to provide sufficient evidence to establish a prima facie case that he will be persecuted if he returns to Vietnam. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Tadevosyan v. Holder*, 743 F.3d 1250, 1252-53 (9th Cir. 2014) ("The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law." (quotation marks and citation omitted)). First, Nguyen failed to present evidence of anti-government activities (aside from donations to an affiliated charitable organization) with the Viet Tan that would trigger the interest of the Vietnamese government beyond that which he addressed in his initial application. Second, the possibility of detention and interrogation alone does not rise to the level of persecution. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869 n.6 (9th Cir. 2003). Although Nguyen evidenced a subjective fear of persecution, he failed to establish an objective fear of persecution by showing that the possibility of detention and interrogation would rise to the level of persecution. *See Zhou v. Gonzales*, 437 F.3d 860, 867-68 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**